```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

RICHARD W. BOWMAN, *et al.*,       *
                                   *
    Plaintiffs,                    *
                                   *
vs.                                * CIVIL ACTION NO.04-00370-CG-B
                                   *
ERNEST F. HAWKINS, *et al.*,       *
                                   *
    Defendants.                    *

## ORDER

This matter is before the Court on Defendant Ernest F. Hawkins' Motion to Strike or to Restrict Expert Designation and Testimony of Joseph M. Miller, Plaintiffs' vocational expert. (Docs. 49 and 50).  According to Defendant, Plaintiff submitted the expert report of Mr. Miller on November 28, 2004, and during Mr. Miller's deposition on April 29, 2005, he indicated that his report was preliminary and that the opinions expressed therein were subject to change once he reviewed additional medical records and deposition transcripts.  Defendant asserts that Mr. Miller's expert report is deficient in that it includes his preliminary opinions, it does not reference the exhibits he relied upon in formulating the report, and it is subject to change once he reviews vital medical records and deposition transcripts.  Defendant contends that Mr. Miller's report should be stricken or in the alternative, Mr. Miller's testimony should

be limited to the opinions contained in his report dated November 28, 2004.

Plaintiffs counter that pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant's motion was untimely filed because it was not filed within twenty (20) days of receipt of the report. Plaintiffs further contend that any deficiencies in the expert report should be excused because information for a more thorough evaluation was not available when the report was prepared, and vocational assessments, by their very nature, are subject to change as discovery progresses in a case. Finally, Plaintiffs assert that the primary purpose of Mr. Miller's report is to establish that Plaintiff Richard Bowman is unable to pursue a career as a firefighter or an arson investigator, and that the report, as drafted, serves this purpose.

The undersigned notes, as a threshold matter, that Plaintiffs' contention that Defendant's motion is untimely under Rule 12(f) of the Federal Rules of Civil Procedure is not well taken. Rule 12(f), by its express terms, applies to *pleadings* that are alleged to contain redundant, immaterial, impertinent or scandalous matters. See, e.g., Lowery v. Hoffman, 188 F.R.D. 651, 652 (M.D. Ala. 1999). The instant motion before this Court does not seek to strike a pleading, but instead challenges the

sufficiency of Plaintiffs' expert disclosure.  As such, it is not governed by the twenty-day limitation found in Rule 12(f). However, that is not to suggest that the timing of a motion to exclude is not a valid consideration when determining the appropriateness of such a motion.

Rule 26(a)(2)(B) sets forth the information that should be contained in an expert report.  It provides that:

> [t]he report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

The plain language of this rule makes clear that the expert report must be "detailed and complete."  Fed. R. Civ. P. 26(a)(2)(B) and Adv. Comm. Notes (1993 Amendments).  See, e.g., Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F. 3d 546, 571 (5th Cir. 1996), cert den., 519 U.S. 811, 117 S. Ct. 57, 136 L. Ed. 2d 20 (1996).  A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. Fed. R. Civ. P. 26(a)(2)(B) Adv. Comm. Notes (1993 Amendments).

As noted supra, the crux of Defendant's attack on Mr. Miller's expert report is that the opinions contained therein are preliminary, and thus subject to change, and that the report does not reference the exhibits Mr. Miller relied upon in formulating his report.  While Defendant is correct that the report does not list the exhibits Mr. Miller relied upon, the undersigned finds that this deficiency is not fatal, and is easily remedied.  Moreover, the fact that the expert's opinions are not etched in stone does not provide grounds for excluding Mr. Miller's report dated November 28, 2004.  The undersigned rejects, however, Plaintiffs' contention that they are free to supplement their report, at will, as discovery or other information becomes available.  While Rule 26(e) requires a party to supplement or correct disclosure upon information later acquired, that provision does not license parties to freely circumvent deadlines established in the Court's scheduling orders.  As aptly noted by the court in Beller v. United States of America, 221 F.R.D. 689 (D.N.M. 2003):

> To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given.  This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further

4

>  consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final disposition of the case.

Id. at 696.  See also Carter v. The Finely Hospital, 2003 WL 22232844, *2 (N.D. Ill. Sept. 22, 2003) (concluding that "[i]t is disingenuous to argue that the duty to supplement under Rule 26(e)(1) can be used as a vehicle to disclose entirely new expert opinions after the [expert disclosure] deadline established by the court . . . ."). In the case sub judice, discovery was extended several times at the request of the parties; yet, Plaintiffs did not act timely to supplement Mr. Miller's expert report. In fact, the record before the Court does not reveal that Plaintiffs have taken any steps to supplement Mr. Miller's report. Accordingly, at this late juncture, Plaintiffs are restrained from supplementing Mr. Miller's November 28, 2004 report, except to disclose to Defendant any exhibits that Mr. Miller relied upon in drafting the report. Plaintiffs shall disclose, no later than **July 15, 2005**, any exhibits relied upon by Mr. Miller in drafting his November 28th report.

For the foregoing reasons, Defendant's Motion to Strike is **DENIED** to the extent it seeks to strike the expert designation and testimony of Mr. Miller. The motion is **GRANTED** to the

5

extent it seeks to restrict the testimony of Mr. Miller to those opinions expressed in his November 28th expert report.

DONE this **28th** day of **June 2005.**

            **s/SONJA F. BIVINS**
            **UNITED STATES MAGISTRATE JUDGE**