IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD W. BOWMAN and ) | |
| THERESA CYR BOWMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-0370-CG-B |
| ) | |
| ERNEST F. HAWKINS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the motion of defendant, Ernest F. Hawkins, to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (Doc. 45), and plaintiffs' response thereto (Doc. 55). The court finds that defendant has not met its burden of demonstrating that plaintiff's claims for lost wages and business opportunities are due to be stricken or dismissed. Therefore, defendant's motion to strike is due to be DENIED.

Defendant moves to strike Mr. Bowman's claims for lost wages and business opportunities because defendant contends that plaintiffs have produced no evidence to support the claims. Federal Rule of Civil Procedure 12(f) provides that, upon motion, the "court may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "However, a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." In re Healthsouth Corp. Securities Litigation, 2000 WL 34211319, *52 (N.D.Ala.,2000) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576

1

(M.D.Fla.1995)).  "'A motion to strike is a drastic remedy[,]' which is disfavored by the courts." Thompson v. Kindred Nursing Centers East, LLC  211 F.Supp.2d 1345, 1348 (M.D.Fla. 2002) (quoting Augustus v. Board of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)).  "To prevail on a motion to strike, Defendants must show that 'it is clear that the [challenged matter] has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." Healthsouth, 2000 WL 34211319 at *52 (citations omitted).  "[T]he truth or falsity of the allegations is not a matter for the court on the motion to strike." Id. at *55 (citing Colodny v. Iverson, Yoakum, Papiano & Hatch, 838 F.Supp. 572, 574-75 (M.D.Fla.1993)) see also Thompson, 211 F.Supp.2d at 1348 ("when deciding a motion to strike, a court must accept the truthfulness of well-pleaded facts and 'cannot consider matters beyond the pleadings.'" citations omitted).

Since the court must accept the allegations in plaintiffs' complaint as true under a Rule 12(f) analysis, it is not proper for defendant to use Rule 12(f) to attempt to strike plaintiffs' claims based on the contention that there is insufficient evidence.  See 5A WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (1980) ("as the cases make clear, [Rule 12(f)] is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint")(citations omitted) see also Yamamoto v. Omiya, 564 F.2d 1319, 1327 (9th Cir. 1977) (quoting WRIGHT & MILLER); Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877, 878 (W.D. La. 1975) ("It is clear that this specific allegation of the complaint constitutes neither an insufficient defense nor a redundant, immaterial, impertinent or scandalous allegation such as covered by the motion to strike. Therefore, that particular procedural device is inappropriate in this case.").

A motion for summary judgment pursuant to Rule 56 would provide the proper procedural means to raise the issues presented by defendant's motion. Had the motion been brought under Rule 56, it would nevertheless be due to be denied. Defendant has not met his burden of demonstrating "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Defendant contends there is insufficient evidence to support a claim for lost wages and business opportunities. Mr. Bowman was reportedly on terminal leave from the military at the time of the accident and continued to receive compensation from the military until he was discharged in May 2002. (Bowman Depo. p. 36). Although Bowman testified that he was still on active duty receiving the same pay, plaintiffs submitted records of lost wages and income which were reportedly provided to defendant as an initial disclosure. Mr. Bowman testified that in addition to his military service he had been working for his wife, painting and hanging wallpaper, and was unable to do those jobs. (Bowman Depo. pp. 120-21). Although defendant contends that no medical doctor told Bowman he was unable to work, Mr. Bowman's medical records indicate that his activities were restricted and that his physician considered him "unfit to separate" and requested that his active duty classification be extended. (Doc. 55, Ex. C). Mr. Bowman testified that his military duties changed, he was put into an administrative role, basically sitting at a desk, because he could not do anything else. (Bowman Depo. p. 48). Bowman also testified that he had decided to end his military career with the goal of obtaining a State Trooper or other law enforcement or fire-fighting job, but was unable to do so because of the injuries he sustained. (Bowman Depo. p. 118).

The court notes that to obtain relief under Rule 56, the moving party bears the burden of

proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).   The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Viewing the evidence in the light most favorable to the moving party, the court finds that plaintiffs have presented sufficient evidence to avoid summary judgment on the issue in question.

## CONCLUSION

For the reasons stated above, defendant's motion to strike (Doc. 45) is **DENIED**.

**DONE and ORDERED** this 14th day of July, 2005.

        /s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE